FRANCIS M. THOMPSON, Appellant, *v.* THE COMMISSIONERS FOR LOANING CERTAIN MONEYS OF THE UNITED STATES FOR THE COUNTY OF OTSEGO et al., Respondents.

A sale under a mortgage, given pursuant to the act, "authorizing a loan of certain moneys belonging to the United States" (chap. 150, Laws of 1837), being a statutory proceeding, a failure to comply with the provisions of the statute, renders the sale void.

The advertisement of sale must indicate who executed the mortgage, and to whom it was given.

Commissioners appointed under said act, in case of default in payment as specified therein, become seized as trustees only, subject to the possession and the right of the mortgagor to redeem, until a legal sale is made in conformity with the statute.

Statement of case

Where a published notice of sale under such a mortgage omitted the name of one of the mortgagors, and stated that the mortgage was given to "the Commissioners of the United States Deposit Fund," instead of "the Commissioners for loaning certain moneys of the United States," as stated in the mortgage, and as designated by the statute. *Held*, that the notice was defective and the sale illegal; and that the mortgagors were thereafter entitled to redeem.

After such an illegal sale a mortgagor served upon the commissioners a notice in writing, offering to pay the amount of the mortgage, principal and interest, and to redeem the premises; also stating therein that she desired an accounting of the rents and profits, possession having been taken by the purchaser. The commissioners made no answer. In an action to redeem, *held*, that the omission to make tender was not fatal to the action, but that in any event it only affected the question of costs; that the plaintiff in such an action occupied the same position as any other mortgagor seeking to redeem; also, that plaintiff was entitled to an accounting from the purchaser and his successors in interest and possession for the rents and profits.

Also *held*, that such an action, with all the parties brought in, was the proper remedy in such case.

Plaintiff, at the time of the execution of the mortgage, was the owner in fee of one-third of the premises; she subsequently received a deed from her husband of the other two-thirds. *Held*, that defendants were not in a position to raise the question as to plaintiff's rights as grantee of her husband.

*Thompson* v. *Commissioners* (16 Hun, 86), reversed.

(Submitted November 10, 1879; decided November 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing an interlocutory judgment in favor of plaintiff, entered upon a decision of the court, and granting a new trial. (Reported below, 16 Hun, 86.)

This action was brought to redeem certain premises described in the complaint from the lien of a mortgage, and for an accounting of the rents and profits.

The plaintiff and her husband, John Thompson, on the 9th day of November, 1872, executed and delivered to the defendants, "the Commissioners for loaning certain moneys of the United States, of the county of Otsego," a mortgage which conveyed to said defendants, the premises described in the complaint, to secure the payment of $953 in four years from the date thereof, with interest thereon, to be paid

annually. Plaintiff was then the owner in fee of one-third of the premises; her husband was the owner of the other two-thirds, which he subsequently conveyed to plaintiff. The mortgagors made default in the payment of the interest, which became due on the 9th day of November, 1873. The defendants, said commissioners, advertised the premises described in the complaint for sale at public auction to the highest bidder, on the 1st Tuesday of February, 1874, and sold, in pursuance of the advertisement, to defendant, Philip Darwin. In the notice of sale, the defendants, commissioners, describe themselves as "the Commissioners of the United States Deposit Fund, for the county of Otsego." The mortgage was described as executed by John Thompson alone. Said Philip Darwin took possession of the premises without the consent of plaintiff. He conveyed to defendant, Frederick Palmer, and Palmer sold a portion thereof to defendant Brownel. Said Palmer and Brownel were in possession when this action was commenced.

The court found that plaintiff offered said defendants, the commissioners, to pay the principal and interest of said mortgage, and to redeem the premises described therein, and in said complaint, from the lien thereof. which offer the commissioners refused to accept.

The offer was made by service of the following notice upon the commissioners :

"To David W. Thurber and Simeon R. Barnes, Commissioners for loaning certain moneys of the United States, of Otsego county :

"I hereby offer to pay the amount due, principal and interest, on the mortgage given by John Thompson and myself to "the Commissioners for loaning certain moneys of the United States, of the county of Otsego," on the 9th day of November, 1872, to secure the payment of $953 and the interest thereon, and to redeem the premises in said mortgage described from the lien thereof, or that was created thereby ; and I also desire an accounting for the rents and

profits of said premises since you, or any person claiming under you, took possession thereof, and the amount, when ascertained, paid to me, or to apply on the amount due on said mortgage."

"Dated *November* 26, 1875.

"FRANCIS M. THOMPSON."

The court directed judgment adjudging said sale and the conveyances to the individual defendants void, and that plaintiff on paying the principal of the mortgage, and interest, was entitled to redeem, and to possession ; and that thereupon the defendants in possession account for the rents and profits ; also referring it to a referee to take and state the account. Judgment was entered accordingly.

*H. Sturges*, for appellant.  Plaintiff's right to redeem remained in full force until the premises were disposed of at a legal public sale in conformity with the statute.  (*Sherwood* v. *Reade*, 7 Hill, 431, 433, 438; *Pell* v. *Ulmar*, 18 N. Y., 139; *Olmstead* v. *Elder*, 5 id., 144; *White* v. *Lester*, 1 Keyes, 316; Thomas on Mortg's, p. 170, and cases cited ; 3 J. R., 528.)  Plaintiff's right to have an accounting for the rents and profits is incident to the right to redeem. (Thomas on Mortg's, p. 231, and cases cited.)  There was no legal service of the notice of sale.  (Laws of 1863, chap. 73, § 1, vol. 6, Stat. at Large, p. 59; *Schenck* v. *McKie*, 4 How., 246; *Peebles* v. *Rogers*, 5 id., 210.)  A sale by the loan officers without the notice required by law is invalid and will be set aside.  (*Rogers* v. *Murry*, 3 Paige, 390; *Cole* v. *Moffit*, 20 Barb., 18.)  In foreclosing by advertisement mistake in mailing notice renders the foreclosure void.  (*Robinson* v. *Ryan*, 25 N. Y., 320, and cases cited ; *St. John* v. *Bumstead*, 17 Barb., 100.)  The failure of the commissioners to make a legal sale of the premises has left the plaintiff the right to redeem.  (*Pell* v. *Ulmar*, 18 N. Y., 139–147.)  It is sufficient to maintain this action that the plaintiff offered to pay the amount to be paid, principal and

interest, on the mortgage, without tendering money, the defendants refusing and resisting such redemption. (*Sillsbee* v. *Smith*, 60 Barb., 372; 2 Van Santvoord's Eq. Prac. [2d ed.], 113, 114; *Sherwood* v. *Read*, 7 Hill, 433.)

*Samuel S. Edick*, for respondents. Plaintiff could not recover as the grantee of her husband, John Thompson. (*White* v. *Wager*, 25 N. Y., 328; *Winans* v. *Peebles*, 32 id., 423; *Meeker* v. *Wright*, 11 Hun, 533; *Voorhees* v. *Pres. Church*, 17 Barb., 103; *Van Nostrand* v. *Wright*, Hill & Denio, 263.) No legal and proper tender has been made or offered to the commissioners, or either of the defendants, upon which plaintiff is entitled to redeem. (5 Wait's Practice, 287.) The mortgage given to the commissioners, and the rights of the parties under it, is governed exclusively by statute. (1 R. S., 744 [6th ed.], § 11.) By the default of John Thompson in the payment of the moneys due on this mortgage, his title and that of his heirs or assigns was *ipso facto* destroyed and foreclosed. His common law equity of redemption was entirely gone, and nothing was left but a special right of redemption to be enforced only by a strict compliance with the provisions of the statute. Such default was equivalent to a foreclosure pronounced by the decree of a competent court. (*White* v. *Lester*, 1 Keyes, 316; S. C., 34 How., 136; *Pell* v. *Ulmar*, 18 N. Y., 139.) To constitute a tender there must also be an actual offer or *manual* tender of the *money*. (*Bakeman* v. *Pooler*, 15 Wend., 637; 1 Wait's L. & P., 1046, and cases cited; *Champion* v. *Joslyn*, 44 N. Y., 653.) Plaintiff was not entitled to an accounting for the rents and profits. (2 Barb. Chy. Pr., 199.) The commissioners have no discretion to exercise, but are bound to accept the money when legally tendered. (*Ex parte Goodell*, 14 J. R., 325; *Hull* v. *Supervisors*, 19 id., 259.) The notice of sale was sufficient to satisfy the requirements of the statute. (*Jackson* v. *House*, 3 Cow., 241, *Dezell* v. *Odell*, 3 Hill, 215; *Finnegan* v. *Cowaher*, 47 N. Y., 500; *Town* v. *Needham*,

3 Paige, 545; *Thompson* v. *Blanchard*, 4 N. Y., 303; *Demeyer* v. *Legg*, 18 Barb., 14; 9 Paige, 659; 57 N. Y., 322; *Johnson* v. *Supervisors*, 45 id., 196; *Wood* v. *Terry*, 4 Lans., 80.)

MILLER, J.  The notice of the sale of the premises by the commissioners was defective in several particulars and was not made in conformity with the statute relating to the subject.  By chapter 150, Laws of 1837, § 30, it is provided that: " If any borrower shall neglect to pay yearly and every year on the first Tuesday of October, or within twenty-three days thereafter, on one of the days on which the commissioners aforesaid are by this act directed to attend their respective offices, the yearly interest due on his mortgage, and also the principal moneys loaned to him then due, then and in either of these cases the commissioners of the county where the lands mortgaged by the borrower are situated, shall be seized of an absolute and indefeasible estate in fee in the said lands to them, their successors and assigns, to the uses in this act mentioned, and the mortgagor, his or her heirs or assigns, shall be utterly foreclosed and barred of all equity of redemption of the mortgaged premises, any law, usage, custom or practice in courts of equity to. the contrary notwithstanding. But the mortgagor, his or her heirs or assigns, shall be entitled to retain possession of the mortgaged premises until the first Tuesday of February thereafter, and to redeem the same as hereinafter provided. "  It will be noticed that the commissioners become seized " to the uses " mentioned in the act, thus making them trustees for the purposes therein named, subject to the possession and the right of the mortgagor to redeem.

By section 31 the commissioners are directed to advertize and sell the mortgaged premises on the first Tuesday of February after default, and to convey the lands to the highest bidder.  This advertisement of the sale must necessarily contain sufficient to indicate who executed the mortgage and to whom it was given.  It appears from the notice in question

that one of the mortgagors, the plaintiff, was not named therein, and that the mortgage was given to the " Commissioners of the United States Deposit Fund. " No such mortgage had been executed as the one described, but a mortgage to the " Commissioners for loaning certain moneys of the United States. " This was the designation of the mortgagees by statute, and a different one was not in accordance with its requirement. The foreclosure being a statutory proceeding, the statute must be followed ; and a failure to comply with its provisions renders the sale nugatory and of no avail. (*Sherwood* v. *Reade*, 7 Hill, 434.)

Another defect is alleged to be fatal to the validity of the proceedings, but as those already named rendered the sale irregular and of no effect in law, it is not necessary to consider it. As it was not in accordance with the statute, no title passed from the mortgagees to the purchasers, and the commissioners merely held the mortgaged property as trustees under section thirty already cited. They had neither disposed of, nor had they any title to the premises which deprived the mortgagor of the right to redeem. They had no title whatever, except under the statute ; and as they had failed to pursue this in selling the property, the mortgagor had the right to redeem.

Section thirty-three of the act in question provides for another sale by advertisement, in case no person shall bid, or the person bidding shall not pay at the first sale, on the third Tuesday of September then next, and allows the commissioners to bid in behalf of the State at an appraised valuation, in case such bidding shall be necessary to prevent the sale for a less sum. It then provides for a redemption if the mortgagor " shall at or before the sale pay to the said commissioners all sums of money as shall be due and payable on such mortgage on the first Tuesday of October then next, for principal and interest, and costs and charges of foreclosure as prescribed by the act, together with the costs of advertising the same, and that then the title in fee to the mortgaged premises shall revert to and reinvest in the mort-

gagor, his heirs or assigns," etc., until another default is made. The concluding portion of this section declares that "all purchases made contrary to the provisions of this section shall be void."

The section last cited relates only to a second advertisement or sale after the first attempt to sell has failed. In principle no reason exists why a redemption should not be made, where there is a void sale, at any time. No title is conferred by such a sale, and no authority is given to the commissioners to hold the land. The purchasers acquired no title, and the commissioners can give none except by pursuing the statute. Taking the provisions of the various sections cited together, it is quite obvious that it was not intended that the provision in the thirtieth section, which declares that the commissioners shall be seized and the mortgagor shall be foreclosed and barred of all equity of redemption, should be enforced where there was no valid sale of the premises, but only in cases where the statute had been followed. It was not the intention of the law that title should be conferred in any such irregular manner, and a mortgagor be deprived of his right to redeem when the proceedings are thus illegal and unauthorized. The provision in the mortgage in reference to the failure to make payments and the forfeiture arising therefrom — which merely follows the statute — is not to be regarded as of any more force than the statute itself. The right to redeem is fully recognized, where the sale is void, in the reported cases. In *Sherwood* v. *Reade* (7 Hill, 431), it was said by BEARDS-LEY, J. : "This right to redeem exists in full force until the premises are disposed of at a legal public sale in conformity with the statute." It is true that in the case cited the action was brought to restrain the commissioners from giving a conveyance because the sale was illegal ; but the assertion of the principle stated was appropriate to the case considered. In *Pell* v. *Ulmar* (18 N. Y., 139), which was an action of ejectment to recover possession of the premises which the commissioners had taken under a void sale, DENIO, J., laid

down the rule that "the failure of the commissioners to make a legal sale of the premises has left to the plaintiff the right to redeem, but not to have the premises without redemption." Some remarks are made in the opinion which are relied upon to show that the statute foreclosed the right to redeem after a failure to pay as required; but they are not inconsistent with the assertion of the right to redeem upon a failure to make a legal sale, which is expressly decided. The same may be observed as to the remarks in the opinion in *White* v. *Lester* (1 Keyes, 316), which are also relied upon. The omission to pay the principal and interest alone, as the statute requires, cannot prevent a redemption where there has been no sale, or what is equivalent to it, there is a void sale.

In the absence of any valid sale or lawful proceedings under the act, the right to redeem is perfect and complete; and the question arises whether it was properly exercised. The plaintiff, by the writing introduced in evidence bearing date November 26, 1875, which was served upon the commissioners, offered to pay the amount of principal and interest on the mortgage in question, and to redeem the premises, and also stated therein that she desired an accounting of the rents and profits, etc. The commissioners made no answer to this request. They did not refuse on the ground that the plaintiff did not tender the money, or that she demanded an accounting of the rents and profits; and the court found that the plaintiff offered to pay and the commissioners refused to accept.

It is claimed that there should have been a legal tender of the money, and this alone can satisfy the statute, and that such tender should have been made good by paying the money into court. If the commissioners prevented the tender, perhaps they are not in a position to avail themselves of the non-performance, they have occasioned. (*Fleming* v. *Gilbert*, 3 J. R., 528.) But even if a tender was required, there is no reason why the plaintiff does not occupy the same position as any other mortgagor who seeks to

redeem ; and the want of a tender can only affect the question of costs. There is no such distinction between that case and the one at bar as calls for the application of a different rule here than the one usually invoked. The failure to make a strict legal tender at most involves the right to costs, and this question was properly reserved by the judge until the coming in of the report of the referee.

As to the claim of the plaintiff for an accounting for the rents and profits, no good reason is shown why the defendants, who were in possession, should not account for the same. These defendants have no right to the possession whatever, as they took and held it under a void sale. The plaintiff cannot bring ejectment, as held in *Pell* v. *Ulmar* (*supra*), and has no way of obtaining her rights except by an equitable action, where all the parties can be brought in. An effectual remedy would not be obtained by an action or by a mandamus against the commissioners alone, as other parties are in possession and should be brought in.

It is insisted by the defendants' counsel that the plaintiff cannot recover as the grantee of her husband. The plaintiff, it is conceded, was the owner in fee of one-third of the premises, and assuming that the remaining two-thirds was conveyed to her by her husband, we think that the defendants are not in a position to raise that question in this action. In the cases cited by the counsel for the defendants the question was directly in issue, while here it is collateral to the main question. The plaintiff has a *prima facie* right and an equitable title. The husband would be estopped from claiming title as against her, and under recent legislation he has a right to convey to his wife. (S. L. of 1862, chap. 172; *Meeker* v. *Wright*, 76 N. Y., 262.)

There was no error in any of the rulings of the judge upon the trial as to the evidence ; the order of the General Term must be reversed and the judgment of the Special Term affirmed.

All concur ; EARL J. concurs in result.

Judgment affirmed.