(12 Misc. Rep. 360.)

## GOODHART v. STREET.

(Superior Court of New York City, General Term. May 6, 1895.)

1. EJECTMENT—WHO MAY MAINTAIN.

Laws 1837, c. 150, § 30, authorizes the loan of the moneys deposited with the state by the United States for safe-keeping, the loans to be secured by mortgages to the loan commissioners, and provides that the commissioners shall become seised of an absolute and indefeasible estate in fee in the lands mortgaged, after default in the payment of interest, which shall continue for 21 days. *Held*, that the grantee of land subject to such a mortgage is by such default divested of the legal title, and therefore cannot maintain ejectment against a purchaser from the commissioners, though the sale by them was invalid.

2. LOANS BY STATE—MORTGAGE ON UNIMPROVED PROPERTY.

Though the statute directs that loans shall be made upon "improved" property, the security cannot be avoided by the borrower because the property was not improved.

3. SAME—PLACE TO RECEIVE PAYMENTS.

Where the proof showed that the commissioners transacted all their business at the office of the register of the city and county of New York, they thereby complied with Laws 1837, c. 150, § 24, requiring them to receive payments at their own office.

Appeal from jury term.

Ejectment by Carrie E. Goodhart against Charles G. Street. Plaintiff purchased the land in controversy from one Rosa Elsas, subject to the lien of two mortgages by her executed to the United

States loan commissioners, as security for a loan made pursuant to Laws 1837, c. 150, entitled "An act authorizing a loan of certain moneys belonging to the United States, deposited with the state of New York for safe-keeping." Thereafter, on default in the payment of interest on the loan, the commissioners foreclosed the mortgage, and sold the premises to Cornelius V. Siddell, through whom defendant claims title. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and Mc-ADAM, JJ.

Morris Goodhart, for appellant.
Charles Unangst, for respondent.

SEDGWICK, C. J. The action was in ejectment. The plaintiff claimed a title and possession earlier than the time of the giving of two mortgages to the loan commissioners of the United States. But her grantor, Rosa Elsas, had given to the commissioners the two mortgages, and had conveyed to the plaintiff the premises subject to the mortgages. On 1st October there was a default of payment of interest, which continued for 21 days thereafter. Thereupon, by statute (Loan Commissioners' Act; Laws 1837, c. 150, § 30), the commissioners "were seized of an absolute and indefeasible estate in fee in said lands." This shows that there was no title to the lands in the plaintiff. She must prevail by showing that she has title, or she is not entitled to recover in ejectment. The title remained in the commissioners, even if they, after the default of payment of interest of 1888, made an invalid sale of the premises for a nonpayment of interest on subsequent days. That did not divest the loan commissioners of their title, even if the purchaser at the sale acquired no title. In such a case the former owner "cannot bring ejectment, as held in Pell v. Ulmar, 18 N. Y. 139, and has no way of obtaining her rights except by an equitable action, where all the parties can be brought in." Thompson v. Commissioners, 79 N. Y. 54.

The statute directs that loans shall be made upon "improved" property. The plaintiff asserts that in this case the land was not improved, and therefore the bond and mortgage were void, as the commissioners had not power to make the loan. The evident purpose of the statute, by its injunctions upon the commissioners, was to obtain sufficient security for the repayment of the loan. Such a purpose would not be promoted, and would in fact be thwarted, if the security, because not of the kind of value intended by the statute, could be avoided by the borrower. The objection should not prevail.

Another objection is that the commissioners did not attend, as required by section 24, c. 150, Laws 1837, at their own office to receive payment of interest due October 1, 1888. The proof showed that their office was at the office of the register of the city and county of New York. There they transacted their business, as was shown by the proof of many acts they did there as commissioners.

Judgment affirmed, with costs. All concur.