Sedgwick, C. J.
The action was in. ejectment. The plaintiff claimed a title and possession earlier than the time of the giving of two mortgages to the loan commissioners of the United States. But her grantor, Rosa Elsas, had given to the commissioners the *389 two mortgages, and had conveyed to the plaintiff the premises subject to the mortgages. On 1st October there was a default of payment of interest, which continued for twenty-one days thereafter. Thereupon, by statute (Loan Commissioners’ Act; laws 1837, chap. 150, § 30), the commissioners “ were seized of an absolute and indefeasible estate in fee in said lands.” This shows that there was no title to the lands in the plaintiff. She must prevail by showing that she has title or she is not entitled to recover in ejectment. The title remained in the commissioners, even if they, after the default of payment of interest of 1888, made an invalid sale of the premises for a nonpayment of interest on subsequent days. That did not divest the loan commissioners of their title, even if the purchaser at sale acquired no title. In such a case the former owner “cannot bring ejectment, as held in Pell v. Ulmar, 18 1ST. Y. 139, and has no way of obtaining her rights except by an equitable action, where all the parties can be brought in.” Thompson v. Commissioners, 79 N. Y. 54.
The statute directs that loans shall be made upon “improved” property. The plaintiff asserts that in this case the land was not improved, and therefore the bond and mortgage were void, as the commissioners had not the power to make the loan. The evident purpose of the statute, by its injunctions upon the commissioners, was to obtain sufficient security for the repayment of the loan. Such a purpose would not be promoted, and would in fact be thwarted, if the security, because not of the kind of value intended by the statute, could be avoided by the borrower. The objection should not prevail.
Another objection is that the commissioners did not attend, as required by section 24, chap. 150, laws 1837, at their own office to receive payment of interest due October 1, 1888. The proof showed that their office was at the office of the register of the city and county of Mew York. There they transacted their business, as was shown by the proof of many acts they did there as commissioners.
Judgment affirmed, with costs.