STATE OF NORTH DAKOTA EX REL. S. A. OLSNESS, as Commissioner of Insurance of the State of North Dakota, Appellant, v. M. C. McCARTHY, as County Auditor of the County of Golden Valley, North Dakota, Respondent.

(207 N. W. 436.)

**Taxation — "hail indemnity taxes" when delinquent must be included in notice of tax sale and county auditor must sell lands for aggregate amount of the general real estate taxes and "hail indemnity taxes" and make such sale in one sum, and issue only one certificate of sale.**

Under the laws of this state it is the duty of a county auditor to include in the notice of tax sale all delinquent "hail indemnity taxes;" and, at the tax sale, to sell any lands so advertised for the aggregate amount of the general real estate taxes and hail indemnity taxes and make such sale in one sum and issue only one certificate of sale.

Opinion filed January 30, 1926. Rehearing denied January 30, 1926.

Actions, 1 C. J. § 68 p. 973 n. 11, 13. Constitutional Law, 12 C. J. § 390 p. 887 n. 38. Courts, 15 C. J. § 79 p. 786 n. 37. Hail Insurance, 29 C. J. § 2 p. 205 n. 2. Taxation, 37 Cyc. p. 1139 n. 3; p. 1280 n. 21; p. 1289 n. 65; p. 1327 n. 35; p. 1372 n. 11.

Appeal from the District Court of Morton County, *Pugh,* J.

Plaintiff appeals from a judgment in a mandamus proceeding. Reversed in part and affirmed in part.

*Geo. F. Shafer,* Attorney General, and *Geo. I. Reimestad* and *John Thorpe,* Assistant Attorneys General, for appellant.

*H. L. Halliday,* State's Attorney, and *T. F. Murtha,* for respondent.

53 N. Dak.—39.

CHRISTIANSON, Ch. J. This controversy involves certain questions relating to the duties of a county auditor as regards "hail indemnity taxes." The precise questions presented for determination are: (1) Must a county auditor at the time of the annual tax sale held in December of each year include hail indemnity taxes in the amount of delinquent taxes listed against each tract of land and sell each tract for one sum, including both the general real estate taxes and the hail indemnity taxes, and issue only one certificate in evidence of the sale? And (2) Is the county auditor inhibited from entering transfer of a deed, patent or final decree of distribution unless all delinquent hail indemnity taxes are paid?

It is the contention of the relator: (1), That a county auditor must include in the, notice of tax sale all delinquent hail indemnity taxes, and, at the time of the tax sale, sell the tract for the aggregate amount of the general real estate and delinquent hail taxes and make sale in one sum and issue only one certificate in evidence of the sale; and, (2) that the county auditor is inhibited from entering transfer of any deed, patent or final decree of distribution unless all delinquent hail indemnity taxes against the tract are paid. The defendant, on the other hand, contends that hail indemnity taxes should not be included in the tax sale and that the statute relating to transfers of instruments tendered for record does not include hail indemnity taxes. The trial court sustained both contentions of the defendant and the plaintiff has appealed.

The State Hail Insurance Department was established by the legislative assembly in 1919. Laws 1919, chap. 160. This statute provided: "All provisions of law with reference to lien and collection of taxes shall apply to the taxes herein specified." Section 10. The law establishing the Hail Insurance Department was amended and re-enacted in 1921. Laws 1921, chap. 77. In the re-enactment it was provided: "Provided, all laws relating to the collecting of penalty and interest, and sale of realty for nonpayment of taxes, shall apply to taxes accruing under this act. And it is further provided that delinquent taxes that have been levied under the provisions of this act shall be advertised and sold together with general real estate taxes in one sum and one certificate shall be issued therefor."

This provision has never been amended or repealed, and remains in

full force.   It is true "hail indemnity taxes" are not taxes within the purview of the constitution, and, hence, do not create a lien paramount to an antecedent real estate mortgage (Davis v. McLean County, 52 N. D. 857, 204 N. W. 459) ; but it does not follow that such "hail indemnity taxes" do not constitute a lien upon the land, subsequent to outstanding antecedent liens.   Nor does it follow that the legislature might not provide that such lien shall be enforced by sale of the premises at the tax sale.   And in our opinion the legislature has manifested a clear and unequivocal intention both to create such lien, and provide such method of enforcement.   The decision in Davis v. McLean County, supra, was filed February 21st, 1925.   The legislative assembly was then in session; and, if the lawmakers had desired to do so, there was ample opportunity to make changes in the then existing law, in light of that decision.   Not only did they fail to make any changes, but they later enacted a comprehensive law, providing for the collection of taxes, viz.: chapter 199, Laws 1925.   And in such act they specifically provided:   "All real estate taxes, including hail insurance taxes, both flat and indemnity  .  .  .   shall become due on the first day of December of the year for which the taxes are levied."   Section 1.

"The land and lots shall be offered for sale by the county auditor or his deputy in the order in which they appear in the advertised list, and each tract or lot shall be offered separately and struck off to the bidder who will pay the total amount of taxes, special assessments, or installments of special assessments, hail insurance taxes and penalties and costs charged against it.  .  .  ."   Section 2.

The provisions of chapter 199, Laws 1925, considered as a whole clearly evidence an intention to continue in full force the practice prescribed by the former laws as regards the inclusion of hail indemnity taxes in the advertisement for, bid at, and certificate issued upon, a tax sale.   Of course, such inclusion will not transform the "hail indemnity tax" into a *tax* within the legal meaning of that term; or give to the certificate of sale, in so far as it represents "hail indemnity taxes," any greater effect than if it were issued upon a sale for the "hail indemnity tax" alone.   Neither will such inclusion transform the *tax* represented therein into a "hail indemnity tax."   In other words, the certificate of tax sale while issued upon one bid for the aggregate amounts of both the outstanding "taxes" and "hail indemnity taxes" will in contem-

plation of law constitute two certificates; one representing actual taxes and as such superior to all antecedent liens and mortgages, and the other representing "hail indemnity taxes" and as such conferring upon the holder of the certificate only whatever rights are or may be lawfully conferred by the foreclosure of the lien of the "hail indemnity tax."

No constitutional question is before us; but it is argued that the inclusion of the "hail indemnity tax" will deter private bidders from purchasing at a tax sale, and that hence such inclusion will, in effect preclude the sale of any tract of land which is subject to "hail indemnity tax" to a private purchaser. This argument is one for the legislature, and not for the courts. The argument relates to the wisdom and not to the meaning or validity of the law. Courts are not concerned with the wisdom of legislative enactments; they are concerned only with their meaning, and when that meaning has been ascertained the judicial function is performed. If the legislative intention as evidenced by the law is contrary to the constitution, then, of course, the legislative will as disclosed in the law must yield to the will of the people as disclosed in the constitution; but if such intention is not violative of the provisions of the constitution, then the intention of the lawmakers as declared must be carried into effect without regard to whether the courts may deem the enactment wise or unwise.

The next question presented for determination is whether a county auditor is inhibited from entering transfer of a deed, patent or final decree of distribution unless all delinquent indemnity taxes against the tract described therein are first paid. After careful consideration we have reached the conclusion that this question is not properly determinable in this case. The question is attempted to be presented in the following manner: There is an averment in the petition "that said defendant has notified the said plaintiff that he will not refuse to enter certificate of taxes paid . . ., even though there may be hail indemnity taxes or hail indemnity premiums due and delinquent standing against the lands covered by the deeds, patents or final decrees of distribution which are offered for transfer." And it is alleged in the answer of the respondent that: "State hail indemnity is not a tax or a part of any tax in the state of North Dakota, and that by reason thereof it is not the duty of your respondent as county auditor to re-

quire payment of such state hail insurance indemnity tax before entering transfer upon the records of the office of the county auditor, of deeds, patents or final decrees of distribution covering lands in Golden Valley county, and alleges that by the laws of this state it is the duty of your respondent as such county auditor to certify upon deeds, patents, or final decrees of distribution covering lands in Golden Valley county, North Dakota, the following statement: 'Taxes and special assessments or installments of special assessments paid and transfer entered,' upon payment of all taxes and special assessments without payment of state hail insurance indemnity."

It will be noted that the question thus presented does not arise out of some actual transaction. There is no averment, and no showing, that any transaction is actually pending. The question is merely an abstract one, and arises solely because there is a disagreement between two officers as to what rule of law shall apply when an actual transaction does arise. As we view the case, this court is asked to deliver an advisory opinion. This we may not do. The courts of this state are authorized only to determine questions of law as they arise in actual controversies and may not properly decide abstract legal questions or render purely advisory opinions.

The judgment appealed from, in so far as it holds that the advertisement for, bid at, and certificate issued upon, a tax sale need not include hail indemnity taxes, is reversed, but in so far as it refuses to issue a writ to control the action of the county auditor as regards the entry or transfer of a deed, patent, or final decree of distribution, the same is affirmed.

NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur.