This is an action by the Bank of North Dakota, and C.A. Fisher, treasurer of the state of North Dakota, to mandamus the county auditor and county treasurer, of Burleigh county, North Dakota, to issue a certificate of redemption for the southeast quarter of section 20, township 140, range 75, which land is in Burleigh county, North Dakota, and which said land was sold for taxes for the years 1921, 1922 and 1923. The land was mortgaged to the Bank of North Dakota to secure the payment of a loan of $2,300, to one Sam Krueger and his wife, Sahry Krueger, on the 6th day of May, 1920. The said Sam *Page 186 
Krueger was at the time of the execution of the mortgage the owner and in possession of said land. The mortgage was thereafter duly assigned by the Bank of North Dakota to the state treasurer, as trustee, by a written assignment thereafter duly recorded in the office of the register of deeds of said county. Thereafter, there being a default in the conditions of said mortgage, the same was duly foreclosed and sold to the plaintiff, the said state treasurer, and there being no redemption, a deed was duly issued by the sheriff of said Burleigh county, conveying the said land to the plaintiff, the said state treasurer, as trustee of the state of North Dakota. The said land was sold at the tax sale in December, 1922, for the taxes of 1921, and taxes for the years 1922 and 1923 were paid as subsequent taxes. The tax certificate for the year 1921 included the sum of $55, as hail indemnity for the state hail insurance covering the crops on said land for the year 1921; that there was included in the 1922 taxes on said land, paid as subsequent, the sum of $37.80, as hail indemnity tax for the year 1922, and that there was included in the tax for 1923, paid as a subsequent indemnity tax, the sum of $9.50, as hail indemnity tax for the year 1923.
On the 17th day of December, 1925, the plaintiff, the Bank of North Dakota, as agent, tendered to Frank J. Johnson, county auditor, and G.L. Spear, as county treasurer, the sum of $224.36, that being the full amount of tax certificate, including penalty and interest due on that date, for the tax sale, and taxes paid upon said land for the years 1921, 1922 and 1923, exclusive of the amount of the taxes covering said premises for hail indemnity tax for said years, and demanded a certificate of redemption therefor. Findings of fact and conclusions of law were made favorable to the plaintiffs and an order was duly issued directing the issuance of a certificate of redemption, from which order the defendants appeal.
In this court the parties have stipulated the one question in the case as follows: "May the mortgagee in a mortgage executed after the enactment of the Hail Insurance Law, chapter 160, Session Laws 1919, and prior to June 1st in a given year, redeem from a tax certificate issued to a private individual upon a sale held after the execution of such mortgage, by paying all taxes included in such tax certificate save and except the so-called hail indemnity tax provided for in § 7, chapter 160, Session Laws 1919, and thereupon must the county auditor *Page 187 
execute a certificate of redemption from such tax certificate and tax sale? This stipulation is made also with reference to said § 7 of chapter 160, Session Laws 1919, as amended by chapter 151, Session Laws 1925."
The answer to the question under the decisions of this court, depends upon the question of priority. In the recent case of Davis v. McLean County, 52 N.D. 857, 204 N.W. 459, and in the more recent case of State ex rel. Olsness v. McCarthy, 53 N.D. 609, 207 N.W. 436, this court held that the hail indemnity taxes are not taxes within the meaning of that term in the Constitution and hence do not create a lien superior to a prior real estate mortgage. It is the settled law of this state that the lien created under the hail indemnity tax law is created by an implied contract between the state and the owner of the land, and since the owner of the land cannot by contract make one contract lien prior to a pre-existing contract lien, the hail indemnity tax lien is subsequent to liens executed by the owner of the land prior to the hail indemnity tax becoming a permanent lien. The mortgage through which the plaintiff claims title was executed on the 6th day of May, 1920. Section 7 of chapter 160 of the Session Laws of 1919, provides in substance as follows:
"The commissioner of insurance shall, on or before the 10th day of October of each year, ascertain the amount which is required in addition to the amount secured by said flat acreage tax for the total payment of all loss caused by hail to crops insured by the department, plus the total cost of maintaining and operating said department, together with a sufficient sum to maintain and operate same for the succeeding year, and shall thereupon, for the purpose of securing and paying the same, levy an indemnity acreage tax sufficient to cover said amount on all actually cultivated and cropped land . . . not withdrawn from the operation of this Act," as herein provided.
Section 12 of chapter 160 of the Session Laws of 1919, as amended by chapter 38, Special Session Laws of 1919, provides that any owner of land liable to the hail indemnity tax may at any time prior to the 15th day of June, in each year, withdraw any portion or all land owned by such person from the levy of said hail indemnity tax upon the making and filing of an affidavit, together with application for withdrawal, with the county auditor. *Page 188 
Chapter 160 of the Session Laws of 1919, as amended by chapter 38 of the Special Session Laws of 1919, was the law in operation on the 6th day of May, 1920, when Sam Krueger and Sahry Krueger executed the mortgage to the Bank of North Dakota. The hail indemnity tax upon the land did not become fixed and certain until after the 15th day of June, 1920. At any time before that date Sam Krueger could have filed his affidavit withdrawing the land in controversy from the operation of the hail indemnity tax, and since the mortgage was made and executed on the 6th day of May, 1920, it is prior and superior to the indemnity tax lien, and of course it is prior and superior to the indemnity liens for the years 1922 and 1923.
The amendment of § 7, chapter 160, Session Laws 1919, as amended by chapter 151, Session Laws, 1925, no doubt refers to that part of § 7, as amended, which reads as follows: "And any such tax or imposition, which has been heretofore, or may hereafter be levied, shall be and constitute a first and prior lien upon all lands upon which the same is levied, to the same extent and with like effect, as any general tax, and shall be collected, and payment thereof enforced, in the same manner as any general tax."
Chapter 151, Session Laws 1925 re-enacts and amends §§ 6, 7, 13, 26 and 27, of chapter 160 of the Session Laws of 1919, as amended by chapter 38 of the Special Session Laws of 1919, as amended and re-enacted by chapter 77 of the Session Laws of North Dakota, for the year 1921, and as amended and re-enacted by chapter 232 of the Session Laws of North Dakota, for the year 1923, that is, chapter 151 of the Session Laws of 1925, amends §§ 6, 7, 13, 26 and 27, and leaves intact all the other sections of the different acts. The withdrawal section is still in full force and effect and under it the hail indemnity tax and the lien created thereby is made dependent upon the will of the owner of the land. In other words, the state says to the farmer: "We will make a levy upon your land for a hail indemnity tax and you will have hail indemnity insurance on your crops, but if this is not satisfactory to you, you can at any time on or before the 15th day of June, file an affidavit describing your lands and withdrawing them from the operation of the hail indemnity tax law. But if you do not file your affidavit of withdrawal on or before the 15th day of June, the state *Page 189 
will conclusively presume that you want the hail insurance and the tax so levied will become a lien upon your land for its payment."
There is no merit in the contention of the defendants that since the law was enacted before the mortgage was given, that, therefore, the hail tax is prior to the mortgage, for the lien is created by contract, and it is not prior and cannot be prior to a mortgage unless it becomes a permanent lien before the execution of the mortgage. The mortgage in the case at bar was executed before the so-called tax lien was created and the judgment must be affirmed.
CHRISTIANSON, Ch. J., and JOHNSON, and BIRDZELL, JJ., concur.
NEUSSLE, J., being disqualified, did not participate.