STATE OF NORTH DAKOTA Doing Business as The Bank of
North Dakota as Agent for the State Treasurer of the State of
North Dakota as Trustee for the State of North Dakota, and C. A.
Fisher as State Treasurer of the State of North Dakota, Appel-
lants, v. MORTON COUNTY, North Dakota, Respondent.

(219 N. W. 223.)

**Taxation — person once having had a lien against or interest in land pre-
ferred purchaser at tax sale may exercise statutory right to redeem.**

1. One who is permitted to redeem under the provisions of sub-division 4
of § 2202 of the Supplement, being § 2202 of the Compiled Laws, as amended
by § 5 of chapter 199 of the Session Laws of 1925 is in the position of a pre-
ferred purchaser of land in which he at one time had an interest, or lien upon,
and is permitted to purchase said land by "paying the amount due thereon"
without profit to the county, which right he may exercise at any time after
the forfeiture of the land and before the same is sold by the county to another
person.

**Taxation — redemptioner must pay taxes and hail indemnity lien with in-
terest.**

2. Where a party attempts to redeem under the provisions of the statute
cited, he must pay the amount for which the said land was struck off to the
county, together with all subsequent taxes and hail indemnity liens due on
said land at the time said redemption is made, together with such interest
thereon as is provided by law.

**Other rights of plaintiff not considered nor determined.**

3. Other rights which the plaintiff in this case may have or could have exer-
cised are neither considered nor determined in this case.

Opinion filed April 21, 1928.

Taxation, 37 Cyc. p. 1381 n. 80; p. 1389 n. 28; p. 1408 n. 67; p. 1410 n. 84.

Appeal from the District Court of Morton County, *Berry, J.*
Affirmed.

*P. H. Butler* (*Divet, Shure, Murphy & Thorp* of counsel) for ap-
pellants.

Note.—(1) As to right of one other than owner of fee to redeem from tax sale,
see 26 R. C. L. 430; 4 R. C. L. Supp. 1664.

"It is perfectly clear that the plaintiff could not have enjoined the distraint or collection of the taxes, as any such effort would have been met by the answer that there was a remedy at law to recover back the amount illegally collected." Chicago, M. & P. S. R. Co. v. Bowman County, 31 N. D. 150, 153 N. W. 986.

"It is also now well established, we believe, that a payment to avoid a penalty which will be incurred upon the nonpayment of taxes, which cannot be paid or at any rate will not be received without the payment of an illegal part, is a payment under compulsion." Chicago, M. & P. S. R. Co. v. Bowman County, 31 N. D. 150, 153 N. W. 986.

"A general right exists in the state to refund any tax collected for its purposes, and a corresponding right probably in the common council, or other proper boards, of cities, villages, towns, etc., to refund to individuals any sums paid by them as corporate taxes which are found to have been wrongfully exacted, or are believed to be, for any reason inequitable." 6 Cooley, Taxn. 4th ed. § 1259.

"Such notice (of expiration of the period of redemption) must state with absolute accuracy and in such a way as to leave the matter free from all doubt and uncertainty the amount required to be paid in order to redeem the land, and if it states the amount to be greater than that actually required, it will be void, even if the excess is but a trifle." 26 R. C. L. 431, § 388.

*C. F. Kelsch,* for respondent.

"It is generally held that an action may be maintained against a county or other municipal corporation for the recovery of taxes illegally exacted only while the funds so raised remains in the possession of the defendant, . . . no recovery can be had after the funds have been divided and paid over to the several treasurers or receiving officers." 37 Cyc. 1177 and notes 51 and 52.

"A taxpayer cannot maintain a suit against a county to recover taxes illegally and wrongfully exacted by officers of the county after the taxes have been paid out by its disbursing officers." Commonwealth of Kentucky v. Boske, 11 L.R.A.(N.S.) 1104, 99 S. W. 316.

"A taxpayer cannot pay invalid taxes under protest and then reclaim them from the county after they have passed out of its hands." 11 L.R.A.(N.S.) 1104; Burlington & M. River R. Co. v. Buffalo County, 14 Neb. 51, 14 N. W. 539.

Burr, J. This is an appeal from an order sustaining a demurrer to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The issue involves the interpretation of sub-division 4 of § 2202 of the Supplement, being § 2202 of the Compiled Laws as amended by § 5 of chapter 199 of the Session Laws of 1925. The land involved had been duly assessed and advertised for sale for failure to pay the general real estate taxes and hail indemnity lien for the year 1920. The complaint states that at the tax sale "the said land and premises were struck off and sold to defendant Morton county for the amount of such taxes and liens; (and) that the taxes and hail indemnity liens for the years 1921, 1922, 1923, and 1924 were unpaid and delinquent;" that the defendant served upon the plaintiffs "a written notice of the expiration of the period of redemption from said taxes and liens;" and that the plaintiffs on May 25, 1926 "offered to pay to the said defendant Morton county, and tendered to the treasurer thereof, the full amount of the general taxes, including penalty and interest which were unpaid and delinquent against said land for the said years 1920, 1921, 1922, 1923 and 1924, but that the said defendant refused to receive the same in payment thereof but demanded that the full amount of the hail indemnity liens for said years—be also paid." The plaintiffs then allege that in order to protect their interests in the said land they "paid to the said defendant the full amount of the said taxes together with the hail indemnity liens included therein—that a tax deed thereon was not issued to defendant." The plaintiffs then brought this action to recover the amount of the hail indemnity liens paid.

It will be noted plaintiffs in this proceeding claim rights under sub-division 4 of § 2202 of the Supplement. This subdivision permits "any person having any interest in or lien upon any piece or parcel of forfeited land" to redeem the same "at any time after the forfeiture and before the sale thereof *by paying the amount due thereon.*" The complaint shows the land had been forfeited and that plaintiffs before this, had an interest in and lien upon the forfeited land. Thus the plaintiff sought to redeem after the forfeiture and before the land had been sold by the county to other parties. The question is—does the complaint show the plaintiffs paid "the amount due thereon" so as to entitle them to redeem ?

It was the duty of the county auditor "to include in the notice of tax sale all delinquent 'hail indemnity taxes;' and at the tax sale, to sell any land so advertised for the aggregate amount of the general real estate taxes and hail indemnity taxes and make such sale in one sum and issue only one certificate of sale." See State ex rel. Olsness v. McCarthy, 53 N. D. 609, 207 N. W. 436. Hence when the land was advertised in 1920 and sold it was proper to sell it for the general real estate taxes and the hail indemnity liens. Section 2202 of the Supplement prescribes the method of obtaining a tax deed running to the county and provides that after real property has been bid in for the county "and not redeemed or assigned within three years from the date of the certificate of sale or subsequent tax sale certificate" such land shall "upon the giving of the required notice of expiration of redemption become the absolute property of the county." The complaint shows this notice of expiration of time for redemption had been given. The county thereupon was entitled to a tax deed as the land had been forfeited to it, and had the right to sell this land as provided in sub-division 3 of the same section; but before such sale plaintiffs had the right to redeem provided they paid "the amount due thereon." Plaintiffs contend that because the hail indemnity liens are not taxes, being so determined by this court in the case of Davis v. McLean County, 52 N. D. 857, 204 N. W. 459, they are not required to pay these liens when they redeem from a tax sale and all that could be required of them is to pay the general real estate taxes and subsequent taxes only as these hail indemnity liens are subsequent to the lien of the plaintiffs. Plaintiffs overlook the fact that this attempted redemption is not the redemption from tax sale provided for in § 2197 of the Supplement. This is an additional right of redemption given by special statute permitting one having had an interest in lands already forfeited, to profit by this previous interest in the land, making him a preferred purchaser without profit to the county. It is a second chance, a special act of grace on the part of the legislature and conditioned that the one seeking the benefit under this statute must pay the amount due the county. The plaintiffs are required, in proceeding under this § 2202 of the Supplement, to pay the amount for which the land was sold together with the subsequent taxes and hail indemnity liens paid by the county. All these taken together constituted the "amount due thereon." Certainly no one can claim these hail indemnity

liens are not "due thereon" and the question that plaintiffs' lien may at one time have been superior to these liens is not involved. If the plaintiffs desire to take advantage of the provision of sub-division 4 of § 2202 they must bring themselves within the requirements of the statute. The complaint shows they did not and therefore it was proper to sustain the demurrer. We need not consider the contention of the defendant that it was merely a collecting agent for the state and was required to pay over to the state hail insurance department any sums received for it and hence the money could not be recovered from the county in any event. The complaint does not allege that the moneys collected under protest were paid over to the hail insurance department.

It will be observed this is not an action to determine priority of liens; but one where a party seeks to avail himself of rights granted by a specific statute. The pleadings and the argument are limited to such rights. The plaintiffs having sought to avail themselves of these rights we are confined to an interpretation of the statute in issue, and any rights which the plaintiffs may have, or otherwise could have exercised are not involved. The judgment appealed from is affirmed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON, and BURKE, JJ., concur.