HODGDON, Ex'x, v. HEIDMAN ET AL.

1. **Statute of Limitations:** ADVERSE POSSESSION: POSSESSION OF MORTGAGOR NOT ADVERSE TO MORTGAGEE. A mortgagor, or the grantee of a mortgagor, or a subsequent incumbrancer, in possession of the mortgaged premises, does not hold adversely to the mortgagee, and cannot, by virtue of such possession for ten years after the right of action on the mortgage has accrued, avoid the mortgage under the statute of limitations. *Green v. Turner*, 38 Iowa, 112, and subsequent cases, cited and followed, and *Jamison v. Perry*, Id., 14, explained and distinguished.

2. **Mortgage Foreclosure:** PARTY DEFENDANT: ADMINISTRATOR OF DECEASED MORTGAGOR. The administrator of a deceased mortgagor is a proper party defendant in an action to forclose the mortgage, because the estate is liable for any deficit after exhausting the mortgaged property; but judgment should not be rendered against him personally.

*Appeal from Grundy Circuit Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to foreclose a mortgage. A judgment for the debt secured by the mortgage was rendered against one of the mortgagors (there were two), and against the administrator of the other, who had died before the suit was commenced, but the circuit court refused to render a decree

foreclosing the mortgage and declaring it a lien upon the land therein described. Plaintiff appeals.

*De Witt C. Cram*, for appellant.

*T. Gilman, J. H. Scales*, and *H. O. Peters*, for appellees.

BECK, CH. J.—I. The facts disclosed by the record are, briefly stated, as follows: Defendant Heidman and John Arends since deceased, executed the mortgage in suit February 20, 1872. They both resided in Wisconsin, and the mortgage, and probably the note, were executed in that state. The, mortgage was filed for record March 21, 1872. The mortgagors conveyed the land April 15, 1873, to Goldhom and Barth, who, on the same day, executed a mortgage to Arends alone, to secure a part of the purchase money. Goldhom entered into possession of the land in May, 1873, Barth having before conveyed to him. Barth and the widow of Arends are made defendants to the action, and, failing to answer, a default was entered against them. The administrator of Arends was also made a defendant. He pleads the statute of limitations as a defense to the action. Goldhom, answering the petition, alleges that he has held adverse possession of the land for more than ten years, and that the action against him is barred by the statute of limitations. The note secured by the mortgage matured February 20, 1873. Heidman never was a resident of the state. In June, 1873, Arends removed to this state, and resided here up to the time of his death. This action was commenced in May, 1883.

1. STATUTE of limitations: adverse possession: possession of mortgagor not adverse to mortgagee.

II. We do not understand that counsel for defendants claim that the action upon the note and mortgage as against the mortgagor, Heidman, and Arends, administrator, is barred. No such claim can be made, for the reason that Heidman is and always has been a non-resident, and Arends did not become a resident of the state within the ten years prior to the commencement of the action. But counsel maintain

that the action as against Goldhom is barred, for the reason that he has been in possession of the land adversely to the mortgage for a time exceeding the period prescribed by the statute of limitation. This position demands our attention. Goldhom, as a purchaser subsequent to plaintiff's mortgage, holds the land in subordination thereto, standing in the shoes of his grantor. It must be regarded as the settled rule of this state, which is in accord with the current of decisions elsewhere, that a mortgagor, or the grantee of the mortgagor, or a subsequent incumbrancer, in possession of land, does not hold adversely to the mortgagee. *Green v. Turner*, 38 Iowa, 112; *Gower v. Winchester*, 33 Id., 303; *Crawford v. Taylor*, 42 Id., 260. This doctrine, we believe, is in accord with the decisions of other courts.

III. Counsel for defendants, in support of their position, cite *Jamison v. Perry*, 38 Iowa, 14. It must be admitted that the reporter's syllabus of the decision in the case presents the doctrine advocated by counsel, but a careful reading of the opinion makes it plain that the syllabus is not correct. It may also be admitted that some language of the opinion might prove misleading, without attention to the facts of the case, which, briefly stated, are these: The action was to recover upon the covenants of a deed of general warranty. The defendant Perry held title under a sheriff's deed made in 1859, upon a decree of foreclosure of a mortgage in an action wherein the mortgagor was alone defendant. In 1856, after the execution of the mortgage, the mortgagor conveyed the land, and the purchasers then entered into possession, and they or their grantees continued thereon up to the commencement of this action. None of the parties were parties to the foreclosure proceedings under which Perry claimed title. The grantee of the land under Perry brought the suit upon the covenants of warranty in the deed executed by Perry.

It will be observed that no question as to adverse possession of a mortgagor or his grantees really arose in the case. Perry failed to acquire the title as against the grantees of the

mortgagor, for the reason that they were not parties to the foreclosure action. They held the right to redeem from the mortgage, if the right to forcelose as against them still existed, and after redemption they would hold the title without conveyance of any kind from any person. The contention in the case involved the question of title to the land. The grantee of the mortgagor held the land adversely to the mortgagor and to Perry, who claimed title to the land under the mortgage, for he held upon a title hostile to the title of Perry, who, as against the grantee, had nothing more than a lien. It appears to have been claimed by Perry that the mortgage, upon the foreclosure of which he bases his title, is paramount to the title of the mortgagor's grantee, who, therefore, did not hold adversely to the mortgage, but in subordination thereto. But this position was not sound, for the reason that Perry held, as against the grantee of the mortgagor, not the title, but a lien only. His lien was paramount to the grantee's title as long as it could be enforced. But he held no title at all as against the grantee of the mortgagor, and therefore it cannot be said that he had the paramount title. There can be no question as to which held the paramount title. Perry had a lien, and the others had the title, and of course his possession was adverse to Perry's defective title based upon a foreclosure, which did not reach or affect the title in the mortgagor's grantee.

The opinion, while not clearly presenting the real reasons of the decision, is correctly based upon the ground that the grantee of the mortgagor held the land adversely to Perry's title. The decision has no bearing upon the case before us. Counsel for defendant Goldhom argues no other question than the one above discussed. No other need be considered.

IV. The administrator of the estate of Arends objects to the decree in the court below on the ground that it binds him personally, and not in his representative character; *second*, that he was not a necessary party. We presume there was no purpose to bind the administrator personally by the judgment. It

2. MORTGAGE foreclosure: party defendant: administrator of deceased mortgagor.

is hardly necessary to say that a judgment to that effect would be erroneous. The decree and judgment to be rendered, as we shall hereafter order, will provide that the administrator shall not be personally bound.

V. The administrator's intestate was one of the mortgagors. If the land is not sufficient to pay the mortgage debt, the mortgagors are liable for any deficit. The estate of the deceased mortgagor is liable with the other mortgagor. The administrator was therefore a proper party, and judgment will go against him in his representative capacity.

The decree of the circuit is reversed, and the cause will be remanded for a decree of forclosure against all of defendants, and a judgment against the surviving mortgagor and the administrator of the deceased mortgagor in his representative capacity; or, at plaintiff's option, such a decree may be entered in this court.

REVERSED.