## BARLEY *et al. v.* ROOSA.

*(Supreme Court, General Term, Third Department.* February 4, 1891.)

1. PLEADING IN EJECTMENT—AMENDMENT.
   In ejectment plaintiffs claimed 25 acres of land under a deed from the purchaser thereof in foreclosure. Defendant held the property under a prior deed from the mortgagor's grantee, who had assumed payment of the mortgage. The evidence showed that 14 of the 25 acres were not covered by the mortgage. *Held,* that plaintiffs were entitled to recover the remaining 11 acres not included in the mortgage, without amending their complaint.

2. SAME—SUFFICIENCY OF DESCRIPTION.
   The provisions of Code Civil Proc. N. Y. § 1511, requiring that "the complaint must describe the property claimed with common certainty," etc., are sufficiently met when a comparison of the judgment-roll with the complaint plainly identifies the parcel recovered and that portion the recovery of which was denied.

3. MORTGAGE—FORECLOSURE.
   The mortgage in question covered a farm including several parcels of land, but, by an adjudication in a former action between the different owners thereof, the loan commissioners, mortgagees, were directed to foreclose as to the 25 acres only. *Held,* that the loan commissioners were justified in advertising for sale the 25 acres only, and that the fact of 14 acres thereof not being covered by the mortgage did not render the foreclosure sale void.

4. CHAMPERTY—ACTUAL ADVERSE POSSESSION.
   Defendant's title under the mortgagor's grantee, subject to the mortgage, being extinguished by the title acquired by the purchaser in foreclosure, defendant was not in "actual possession under a title adverse to that of the grantor," and the latter's deed to plaintiffs was not void for champerty, under 3 Rev. St. N. Y. (7th Ed.) p. 2196, § 147.

5. EJECTMENT—VALUE OF IMPROVEMENTS.
   Code Civil Proc. N. Y. § 1531, allowing defendant, in an action of ejectment, to set off the value of buildings by him erected, in reduction of plaintiffs' damages, is not applicable where defendant did not hold "under color of title adversely to plaintiffs."

6. MORTGAGES—FORECLOSURE—LOAN FROM STATE TREASURER—NOTICE.
   Code Civil Proc. N. Y. § 2387 *et seq.,* regulating ordinary foreclosure proceedings, do not supersede the special statutes, (Laws N. Y. 1837, cc. 2, 150; 3 Edm. St. at Large, 75, 76,) providing for the loan on mortgage by the state loan commissioners of certain surplus money of the United States treasury, and prescribing the mode of foreclosure of such mortgages; and under these statutes the commissioners are not required to give notice of sale to the mortgagor or occupant.

7. SAME.
   Though the United States practically waived all claim to this surplus money, the constitution of the state of New York, art. 9, § 1, requires that the capital of the fund shall be kept inviolate.

8. APPEAL—NOTICE—SUPERSEDEAS.
   Where notice of appeal from a judgment has been served pursuant to Code Civil Proc. N. Y. § 1297, providing for appeals after death of adverse party, but none of the subsequent proceedings have been taken, the appeal does not operate as a stay.

9. PLEADING—SUIT IN REPRESENTATIVE CAPACITY.
   In the title of their action plaintiffs styled themselves "executors of the last will and testament of Jacob Barley." *Held* a mere *descriptio personæ,* and not an allegation that plaintiffs sued in a representative capacity.

Appeal from circuit court, Ulster county.

Action by Mary E. Barley, executrix, and Zachariah Palen, executor, of Jacob Barley, against Luke I. Roosa. Defendant appeals from a judgment for plaintiffs entered on trial by the court without a jury. Code Civil Proc. N. Y. § 1531, provides that, "in an action brought as prescribed in this article, the plaintiff, where he recovers judgment for property or possession of the property, is entitled to recover as damages the rents and profits or the value of the use and occupation of the real property recovered for a term not exceeding six years; but the damages shall not include the value of the use of any improvements made by the defendants, or those under whom he claims. Where permanent improvements have been made in good faith by the defendant or those under whom he claims, while holding under color of title adversely to the plaintiff, the value thereof must be allowed to the defendant

in reduction of the damages of the plaintiff, but not beyond the amount of those damages." 3 Rev. St. N. Y. (7th Ed.) p. 2196, § 147, provides that "every grant of land shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor."

Argued before LEARNED, P. J., and LANDON, J.

*William Lounsbery*, for appellant. *F. L. Westbrook*, for respondents.

LANDON, J. The defendant appeals from a judgment for plaintiffs in ejectment, rendered on a trial before the court without a jury. Both parties claim title under Isaac Lyons, who in 1837 gave a mortgage for $200 to the commissioners of loans of Ulster county upon a parcel of land described by metes and bounds, courses and distances, situate in Marblehead, Ulster county, containing 56¾ acres, less a lot of 14 acres out of the same, theretofore conveyed to Isaac and Henry Lyons. January 26, 1860, Isaac Lyons conveyed 25 acres of the mortgaged premises, describing them, to his son Simon P. Lyons; and also on the same day conveyed other parcels thereof, said to be 19¼ acres, to his other sons, Michael and John. Simon P. then agreed to assume and pay the mortgage to the loan commissioners as part of the consideration of the deed to him. In 1876, Simon P. conveyed the 25 acres to the defendant. Before doing so he paid $100 upon the mortgage in question, and procured from the loan commissioners a lease of his 25 acres from the lien of the mortgage, thus leaving the portion sold to Michael and John Lyons the principal security for the mortgage. Lucas Barley, in 1878, became the owner of the latter parcel, 19¼ acres. Lucas Barley then brought an action against the present defendant, Roosa, Simon P. Lyons, and the loan commissioners, and recovered judgment therein adjudging that the release aforesaid is vacated and set aside, and that the said mortgage is not primarily a lien upon the said 19¼ acres, but, as between the said plaintiff Lucas Barley and the defendants Simon P. Lyons and Luke I. Roosa, is a lien and incumbrance on the said 25 acres only. Lucas Barley died in 1883, leaving his son Jacob H. Barley his sole devisee, and said Jacob died in 1886. The plaintiffs are executors of his will. Default having been made in the payment of the said mortgage, the loan commissioners foreclosed the same under the statute, and made sale of the 25 acres, February, 1885, to Granville Boice, who in the same year conveyed them to the plaintiffs. The plaintiffs, by their complaint, sought to recover the said 25 acres; but the trial court held, upon the evidence, that the 14 acres reserved from the loan commissioners' mortgage was part of the 25 acres conveyed by Isaac Lyons to Simon P., and by him to the defendant, and directed a recovery for the remaining 11 acres.

The defendant urges that there was no proof that the lands described in the complaint were part of the premises covered by the mortgage foreclosed. The trial court, upon evidence, illustrated by maps of the various parcels, found that 11 acres of the land described in the complaint were embraced in the mortgage. The court, in response to the defendant's requests, found what premises were included in the mortgage and what were excepted. We conclude that the parcel not excepted is the parcel for which the recovery was directed, and, although it is difficult for us to identify this parcel as part of the mortgaged premises, we assume that the court, with the aid of the witnesses who were familiar with the premises, was free from the like difficulty.

The defendant further contends that, as the complaint described 25 acres in a single parcel, a recovery of 11 acres thereof could not be had without an amendment of the complaint. This cannot be so. The plaintiff can recover to the extent that he makes good his title. The judgment should identify the parcel recovered, thus making it distinguishable and separable from the parcel not recovered. It cannot be necessary to amend the com-

plaint, since the judgment roll would clearly show, not only the parcel recovered, but also, by comparing the judgment with the complaint, the parcel as to which recovery was denied. The cases which hold that the complaint ought to be amended seem to be based upon *Holmes* v. *Seely*, 17 Wend. 75. The unsoundness of this case was satisfactorily shown in *Vrooman* v. *Weed*, 2 Barb. 330. See *Van Rensselaer* v. *Jones*, Id. 643; *Truax* v. *Thorn*, Id. 156. The requirement of section 1511, Code Civil Proc., that "the complaint must describe the property claimed with common certainty, * * * so that from the description possession of the property claimed may be delivered, where the plaintiff is entitled thereto," is well enough, though it assumes that the pleader would not otherwise know enough to describe what he claims, but it is not necessary to hold that it forbids the court or jury to describe such part or parcel of the whole as is awarded to the plaintiff.

The defendant further urges that the mortgage sale was void, because the loan commissioners advertised for sale less than the whole premises described in the mortgage, and included 14 acres not embraced in it. The judgment in the action in which Lucas Barley, the owner of the parcel embraced in the mortgage, but excepted from the foreclosure, was plaintiff, and the loan commissioners, the defendant and his grantors were defendants, was an adjudication, in effect, requiring the loan commissioners not to proceed primarily against the parcel embraced in the mortgage and owned by Lucas Barley, and to proceed against the 25 acres held by the defendant. The former adjudication made the exception proper, and the rights of defendant as to the 14 acres not covered by the mortgage were protected upon the present trial. The former judgment was a substantial direction to the loan commissioners to foreclose as to the whole 25 acres, and we do not think the defendant, a party to that judgment, can complain of a procedure, merely as such, when he is permitted to escape from so much of its results as can unjustly affect him. If the procedure was technically at variance with the statute, it was by virtue of an estoppel of record by which he was bound. Boice was the purchaser at the foreclosure sale, and then sold the premises to the plaintiffs. Defendant claimed to hold the premises adversely to Boice, and therefore alleges that Boice's deed to the plaintiffs was void for champerty. To avoid a grant for champerty, the grant must be delivered when the lands are in "the actual possession of a person claiming under a title adverse to that of the grantor." 3 Rev. St. (7th Ed.) p. 2196, § 147. The defendant had had a title under the mortgagor subject to the mortgage. Boice had acquired the mortgage title, which extinguished the defendant's title. Whatever claim, therefore, the defendant made to the 11 acres was under an extinguished title, and not under an existing adverse one. *Sayres* v. *Rathbone*, 9 Abb. Pr. (N. S.) 277; *Jackson* v. *Collins*, 3 Cow. 89; *Jackson* v. *Bush*, 10 Johns. 223; *Webb* v. *Bindon*, 21 Wend. 99; *Cook* v. *Travis*, 20 N. Y. 400. This view also results in disallowing the claim made by defendant, under section 1531 of the Code of Civil Procedure, that the value of his buildings should have canceled the damages. He did not build any while holding under "color of title adversely." The plaintiffs took title from Boice to themselves by deed, wherein they are described as executors of the last will and testament of Jacob Barley, deceased. We suppose a grantee can annex any description to his name that pleases him, or that tends to show that he takes title as trustee for another, however imperfectly he may define the character of the trust. The plaintiffs add the like description to their names in the title to this action. They do not sue as executors; the words are a mere *descriptio personæ. Merritt* v. *Seaman*, 6 N. Y. 172; *Stilwell* v. *Carpenter*, 62 N. Y. 639. The plaintiffs hold the title. The descriptive words added to their names, both in the deed and in the title of this action, may be useful hereafter in protecting the rights of the persons they were intended to benefit, and the defendant has no valid objection to their use.

The defendant further objects that the foreclosure of the loan mortgage was void because no notice was served upon him. If the foreclosure is regulated by the Code of Civil Procedure, § 2387 *et seq.*, the objection is valid; if regulated by the special statutes applicable thereto, then it is not. The claim that the Code supersedes the special statutes cannot be valid. By chapter 2, Laws 1837, (3 Edm. St. at Large, 75,) the state agreed "to receive in deposit for safe-keeping its share of the surplus money of the treasury of the United States," under an act of congress of the preceding year, and pledged the faith of the state for its safe-keeping, and for its repayment when lawfully required. By chapter 150, Laws 1837, (3 Edm. St. at Large, 76,) provision was made for the apportionment of such moneys among the several counties, the appointment of loan commissioners, and for the loan of said moneys by the commissioners upon mortgages. Details are prescribed with minute particularity. In case the mortgagor defaults in payment, the act provides that the commissioners "shall be seised of an absolute and indefeasible estate in fee" in the mortgaged lands "to the uses in this act mentioned;" section 30 giving to the mortgagor the privilege to retain possession until the first Tuesday of February thereafter, on which day the loan commissioners must sell the lands at the court-house of the county to the highest bidder. Provision is made for advertising the lands thus to be sold, but not for notice to the mortgagor or occupant. He loses his title by default. The commissioners acquire it for the purposes of a statutory sale; he having the right to redeem in the interim between default and sale. *Thompson* v. *Commissioners*, 79 N. Y. 54; *Pell* v. *Ulmar*, 18 N. Y. 139. He knows the tenure of his title, and knows that upon his default his title is gone, and that the commissioners must sell at the time and place fixed by the statute. The provisions of the act of 1837 were devised to enable the state to keep faith with the United States, and although it is a matter of history that the United States practically, though not in terms, subsequently waived all claim to the money, (1 Benton's Thirty Years' View, 651; 2 Benton's Thirty Years' View, 38,) yet the constitution of the state requires that the capital of the fund shall be preserved inviolate, (article 9, § 1.) It cannot be presumed that the special provisions of the statute for the care and management of this fund are superseded by the provisions of the Code having respect to the foreclosure of ordinary mortgages. The judgment in the action of Lucas Barley against this defendant and others was entered in April, 1883. Lucas Barley died August 18, 1883. August 16, 1883, the attorney for Roosa, one of the defendants in that action and the defendant here, served a notice of appeal. This was permissible under section 1297, Code Civil Proc., but none of the other steps prescribed by that or the following section appear to have been taken. This appeal did not operate as a stay, because of the failure to take the further requisite steps. Judgment affirmed, with costs.