[File No. 6977]

CLINTON HORAB, Infant, by Sam Horab, his Guardian ad litem, Respondent, v. WILLIAMS COUNTY, North Dakota, a public corporation, and Morten Mortenson as County Auditor of Williams County, North Dakota, and Adolph Olson, Chairman of the Board of County Commissioners of Williams County, North Dakota, and Hans N. Leom and all other persons unknown claiming any estate or interest in, or lien or incumbrance upon the premises described in the Complaint,

and

HANS N. LEOM, Appellant.

(19 NW2d 649)

Opinion filed July 28, 1945

*Walter O. Burk,* for appellant.

*W. B. Overson,* for respondent.

MORRIS, J. In this action the plaintiff and respondent seek to enforce by specific performance a contract which he claims to have made with Williams County by which he became the purchaser of a quarter section of land. He also seeks to quiet title to this land as against the rights of the former owner thereof. The defendant, Hans N. Leom, is the former owner and appeals from a judgment in favor of the plaintiff.

On January 28, 1926, Williams County acquired title to the land in question through tax deed proceedings and retained this title until November 17, 1942, when the land was put up for sale at the annual sale of real estate acquired through tax deed proceedings, provided for by c. 286, ND Sess. Laws 1941.

The proceedings by which the county acquired title in 1926 are not questioned. The former owner then lost all right and interest in the property. By subsequent enactments the Legislature gave to former owners of property forfeited to counties through tax deed proceedings,

the right to redeem or repurchase the property under certain conditions as long as title remains in the county (c. 275, ND Sess. Laws 1935; c. 238, ND Sess. Laws 1939; c. 286, ND Sess. Laws 1941). It is by virtue of the statutory right thus conferred that the former owner appears in this suit.

At the annual sale in 1942 the Chairman of the Board of County Commissioners of Williams County acted as auctioneer. He offered the land in question for sale and the plaintiff bid thereon the sum of $480.00 which was the best, highest and only bid that was made. The auctioneer thereupon announced that the land was sold to the plaintiff. The plaintiff paid to the county treasurer $120, which was the amount necessary to entitle him to receive a contract for deed according to the statement of the chairman of the Board of County Commissioners as announced at the beginning of the sale. On March 24, 1943, the plaintiff paid the balance of the amount of his bid, being $360, and demanded a deed, which demand was refused. After the annual sale it appears that the board of county commissioners undertook to treat the transaction as an application by the plaintiff to purchase the property at private sale. On December 5, 1942, the county board passed a resolution directing the county auditor and chairman of the board to execute an appropriate contract to Clinton Horab, the plaintiff. The county auditor then mailed to the former owner by registered mail on December 12, 1942, a notice advising the former owner that he had thirty days from the date of the notice to make redemption and that the amount necessary to redeem was $480. In doing so the county auditor was following the procedure prescribed by c. 286, ND Sess. Laws 1941, for the sale of lands at private sale which remain unsold after the annual sale. On December 21, 1942, the former owner made a written application to repurchase. On April 10, 1943, the county commissioners passed a resolution directing the chairman and county auditor to execute a contract of repurchase with the former owner. These officials accordingly entered into such contract. Thus the controversy simmers down to a claim by the plaintiff that he bought the land at the annual sale which is resisted by the former owner who in turn claims the right to repurchase.

The land in question was advertised for sale in 1942 pursuant to the provisions of c. 286, ND Sess. Laws 1941. The former owner contends.

that the land could not be lawfully sold at that sale because there had not been a proper appraisal thereof. Section 11, c. 286, provides that: "All real estate acquired through tax deed proceedings shall be appraised by the Board of County Commissioners at least thirty (30) days prior to the annual sale prescribed by this Act. Such appraised price shall be sufficient to cover all general taxes, special assessments, hail indemnity taxes, penalties and costs, which were levied and extended against the property at the time of the service of the notice of the expiration of the period of redemption, provided if the fair market value of such property is less than the total amount of such general taxes, special assessments, hail indemnity, penalties, interest and cost, the Board shall fix a fair and just minimum sales price for such property. Thereafter the Board shall set a date for hearing objections to the minimum sales price so determined, and the County Auditor shall, at least ten (10) days previous to such hearing, mail to the Auditor, of any city, or the Clerk of any village, or of any township board wherein such lands are located, a notice in writing, stating the time when the objections to the minimum sales price fixed by the Board will be heard."

It appears from the stipulation of facts that the last formal appraisement was made in 1940. That appraisement was made under c. 235, ND Sess. Laws 1939, which provided that: "Before publishing such notice the board of county commissioners shall appraise each lot or parcel of land and fix a tentative minimum sales price thereon. Such minimum sales price shall be sufficient to cover all general taxes, special assessments, penalties, interest and costs which were charged against the property and which were delinquent at the time notice of the expiration of period of redemption was issued plus cost of service of such notice; provided if the fair cash value of the property is less than the aggregate of such general taxes, special assessments, penalties, interest and costs the board shall fix a fair and equitable minimum sales price."

This law also provides that: "Any parcels of real estate not disposed of at the November sale or not disposed of subsequently thereto, shall be revalued and shall again be offered for sale at the regular November sale in the following year." Chapter 235, ND Sess. Laws 1939, was repealed by c. 286, ND Sess. Laws 1941, which became effective March 15, 1941.

While the stipulation of facts states that no appraisement was made

since 1940 it does appear that on October 16, 1942, the county auditor mailed to the various officials of subordinate tax districts a list of lands which included the description of the property in question. To this list was attached the following notice:

"To the City Auditor or
Village or Township Clerk

Dear Sir:

In accordance with provisions in Chapter 286 Session Laws of 1941, you are hereby notified that the Commissioners of the County of Williams, State of North Dakota will meet at the Courthouse at 10:00 o'clock A.M. on the 27th day of October 1942 for the purpose of hearing objections, if any, to the minimum sale prices fixed by said Commissioners on county owned land to be offered for sale on November 17, 1942.

A list of such lands in your taxing district and the appraisals as fixed by the County Commissioners is herewith enclosed."

The minimum sales price for the land in question shown on this list was $3.00 per acre, which is equivalent to $480 the amount of the plaintiff's bid.

While there was no formal appraisement under c. 286, ND Sess. Laws 1941, it is apparent that the statutory procedure was followed with respect to notice and hearing on the minimum sales price. Interested taxing districts were notified of that minimum price and given an opportunity to make objections. No objections are shown to have been made either at the time fixed in the county auditor's notice or at any time before the property was sold to the plaintiff. There is no intimation in the record that the minimum sales price so determined was not the actual market value of the land. The fact that interested taxing districts made no objection supports the assumption that it was a fair price. The procedure outlined by the statute for fixing this price is provided for the protection of the county and the interested taxing subdivisions. It may be noted that no notice is required to be given to the former owner. The procedure is not for his benefit. That the legislature so intended is indicated by the absence of a provision for giving notice to him.

The former owner seeks to repurchase for the sum of $480. He does

not offer to pay all of the taxes lawfully assessed against the land with penalties, interest and costs which the statute requires to be paid unless a fair and just minimum sales price is fixed at a less amount. Stutsman v. Smith, ante, 664, 18 NW2d 639. Thus his attempt to repurchase for $480 is further confirmation of that figure as the fair and just price of the property.

The statute contains no definition of appraisement. From the context it appears that the word is used in its ordinary sense as shown by common usage. According to that usage appraisement means a valuation or an estimation of the value of property. Littlehead v. Sheppard, 123 Okla 29, 251 P 60; 6 CJS 92. Thus it would appear that the fixing of a minimum sales price in the manner we have outlined and as indicated by the notice sent out by the county auditor amounted, in substance at least, to an appraisement.

The appellant insists that this being a tax proceeding the statute must be strictly complied with and would apply the same rule that is applicable to original tax deed proceedings, wherein the owner's right of redemption is terminated. We do not believe that this proceeding should be viewed with the same strictness. The owner had his opportunity to redeem before the county acquired title to his property. The right of repurchase or redemption that is conferred upon the former owner after the county acquires title is an additional privilege granted by the legislature as a matter of grace. State v. Morton County, 56 ND 712, 219 NW 223; Buman v. Sturn, ante, 561, 16 NW2d 837. Proceedings terminating that privilege should not be viewed with the same strictness that applies to the termination of the owner's equity of redemption and the acquisition of title by the county.

We, therefore, hold that there was substantial compliance with the statute and that the sale is not now subject to attack by the former owner. The plaintiff was the highest and best bidder. The auctioneer announced that the property was sold. The purchaser deposited the required price with the county treasurer and became entitled to a deed. Lyche v. Steele County, 72 ND 238, 6 NW2d 92. The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.