Adam **DUCHSCHERER** and McHenry County, a municipal corporation, Plaintiffs and Appellees,

v.

Harry **AANERUD**, Defendant and Appellant.

Civ. No. 8929.

Supreme Court of North Dakota.

March 27, 1974.

Farhart, Rasmuson & Olson, Minot, for defendant and appellant.

McGee, Hankla, Backes & Wheeler, Minot, for appellee Adam Duchscherer; and Joseph C. McIntee, Towner, for appellee McHenry County.

TEIGEN, Judge.

This is an action in forcible entry and detainer to recover possession of 320 acres of farm land located in two townships in McHenry County, North Dakota.

The plaintiff Duchscherer claims ownership and right to possession by virtue of a contract for deed issued by McHenry County. The defendant Aanerud has answered and counterclaimed, denying that Duchscherer is the owner or entitled to possession, claiming that he, Aanerud, is the owner of said land and entitled to possession thereof, and praying that the title be quieted in him as against the plaintiff Duchscherer.

The defendant Aanerud's answer put in issue the validity of the plaintiff Duchscherer's title. Therefore the county justice, before whom the action was laid, properly transferred the same to the district court of McHenry County for trial for the reason that county justices have no jurisdiction to try the title to real property.

The validity of the tax deed taken by McHenry County was put in issue at the trial. However, this claim has been abandoned on this appeal. It is now conceded that McHenry County obtained valid title to the land by virtue of proper and lawful tax deed proceedings.

The trial court held that, as to the defendant Aanerud, the plaintiff Duchscherer and McHenry County· are the absolute owners in fee simple of the land, and that under the contract for deed issued by the County to the plaintiff Duchscherer, he is entitled to an order of the court directing the defendant Aanerud to quit and vacate the premises.

Following the entry of judgment, the defendant Aanerud obtained new counsel who moved for a new trial, in which motion new issues were raised. On the motion for new trial and on this appeal, Aanerud, as former owner of the land, attacks the sale of the land by the County to Duchscherer on the basis that the County failed to comply with the statutes in effecting the sale. The motion was denied by the trial court on the ground that the defendant Aanerud had no standing to attack the sale by the County as the procedural statutes on sales were not enacted for the benefit of the former owner but were enacted for the protection of the townships.

■ Aanerud, as former owner of the land, was permitted under Section 57–28–19, N.D.C.C., to repurchase the land for-

feited to the County under tax deed proceedings as long as tax title thereto remained in the County.

In Remmich v. Wagner, 77 N.D. 120, 41 N.W.2d 170 (1950), we said that a former owner has sufficient interest in the land to entitle him to attack the sale of such lands by the County.

The land in this case was sold at auction at the annual sale, as provided by Section 57–28–15, N.D.C.C. Under those circumstances, the former owner's right to repurchase is governed by Section 57–28–19, N.D.C.C., alluded to above. This section does not require that the sale be held in abeyance for thirty days to allow the former owner to make redemption or to repurchase as in the case where the sale is made at private sale pursuant to Section 57–28–18, N.D.C.C. The statutes giving a right to the former owner and certain other persons, as defined therein, to redeem or repurchase land lost to the County in tax deed proceedings have been held, in a number · of cases, to confer an additional privilege granted by the Legislature, referred to as a "second chance, a special act of grace." Ulrich v. Amerada Petroleum Corp., 66 N.W.2d 397, 404 (N.D.1954); Coverston v. Grand Forks County, 74 N.D. 552, 23 N.W.2d 746 (1946); Horab v. Williams County, 73 N.D. 754, 759, 19 N.W.2d 649 (1945); Stutsman v. Smith, 73 N.D. 664, 675, 18 N.W.2d 639 (1945); Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837 (1945); State v. Morton County, 56 N.D. 712, 715, 219 N.W. 223, 224 (1928). Proceedings terminating the privilege or special act of grace to redeem or repurchase after the county has acquired title in tax deed proceedings are not to be viewed with the same strictness which applies to the termination of the owner's equity of redemption and the acquisition of title by the county. Knowlton v. Coye, 76 N.D. 478, 490, 37 N.W.2d 343, 351 (1949); Horab v. Williams County, supra. See also, Buman v. Sturn, supra, and State v. Morton County, supra.

However, as we said in State v. Morton County, supra, this second chance, this special act of grace on the part of the Legislature, is conditioned with the requirement that the one seeking the benefit under the statute permitting repurchase must pay the amount due the county. Where the tax deed land has been sold by the county, an additional requirement is imposed under Section 57–45–10, N.D.C.C., which provides:

"Whenever any action is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court shall not proceed with the trial of such action until the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof for the benefit of the county should the deed be held invalid, the amount of all delinquent and unpaid taxes on said property, including penalty and interest, plus any taxes paid thereon by the purchaser from the county. Should said action be determined adversely to the purchaser from the county it shall repay to him any moneys received by the county on said purchase."

It does not appear from the record before us in this case that the defendant Aanerud made a deposit with the clerk of court in accordance with the requirements of this statute. If he did not do so, this failure terminated his claim as the court would be without jurisdiction to proceed with the trial. However, the issue was not raised in the court below and the trial court assumed jurisdiction for trial purposes. Therefore, for the purpose of this appeal, we assume the deposit was made on the basis of the presumption that the trial court performed its official duty. Apparently the full record is not before us. Therefore we will review the case on the issues presented on this appeal.

The procedural statutes pertaining to the sale of land acquired by tax deed, which

the defendant Aanerud claims were not complied with by the County, are as follows:

Section 57–28–10, N.D.C.C., requires that all real estate acquired by tax deed shall be appraised by the board of county commissioners at least thirty days prior to the annual sale. Aanerud claims that this statute was not complied with because the county commissioners made the appraisal prior to the issuance of the tax deed by the county auditor. He points out that the appraisal was made sometime in October 1970 but that the tax deed was not issued by the county auditor until November 16, 1970.

Three statutes are of importance in determining this question. Under Section 57–28–02, N.D.C.C., Aanerud's right to redeem from the tax sale expired on October 1, 1970. By Section 57–28–08, N.D.C.C., his failure to redeem such lands before the period of redemption had expired operated to pass all his right, title and interest in and to said lands to the County by operation of law. Section 57–28–09, N.D.C.C., provides that "after" the period of redemption has expired the county auditor shall issue a tax deed to the county.

In construing these statutes we held, in Buman v. Sturn, *supra,* that the owner's right to redeem from the tax sale expires on October 1 and that title to the property then vests in the county and the county becomes entitled to a valid tax deed as a matter of absolute right. However, "its issuance was but a ministerial act on the part of the county auditor. The property thus became land acquired by the county through 'tax deed proceedings' though a valid tax deed had not been issued." See also, Knowlton v. Coye, *supra.*

■ We find that Section 57–28–10, N.D.C.C., requiring that all real estate acquired by tax deed shall be appraised by the board of county commissioners at least thirty days prior to the annual sale, does not require that the ministerial act on the part of the county auditor of actually issuing the tax deed is a prerequisite to the appraisal. We hold that where the county commissioners appraised the land more

than thirty days before the annual sale and determined the minimum sale price before the county auditor issued the tax deed, such procedure constitutes substantial compliance with the statute and results in a valid appraisal.

■ Next, the defendant Aanerud argues that there was not substantial compliance with Section 57–28–11, N.D.C.C., *as amended.* He maintains that as a result of an amendment omitting reference to the clerk, the statute now requires that the county auditor must mail a notice in writing, stating the time when objections to the minimum sale price fixed by the board of county commissioners will be heard, to each member of the board of township supervisors.

Title 57 is contained in Volume 11 of the North Dakota Century Code. In 1972, Replacement Volume 11 was published. The defendant Aanerud is citing from the replacement volume which, we find, erroneously omitted the italicized portion of the following quoted material:

"* * * the county auditor, at least ten days previous to such hearing, shall mail to the auditor of any city, *or the clerk of any village,* or of the board of supervisors of any township wherein such lands are located, * * *"

The omission of the italicized portion in the replacement volume of the Code was at the direction of the code revisor or some executive or administrative officer, and not the Legislature. It was probably done because Chapter 323 of the Session Laws of 1967 provided for a transition of villages to cities. Section 283 of said chapter specifically provides that the village *clerk* shall become the city *auditor.* Therefore if the words "of any village, or" had been stricken instead, it would have read correctly, as a township has a clerk and not an auditor. Under such inadvertent circumstances, there has been no change in the law and the county auditor is still in compliance with the law if he mails the notice to the clerk of the township board. We hold that the county auditor was not required, in order to comply with the stat-

ute, to mail such notice to each member of the board of township supervisors, as maintained by Aanerud. The statute was not amended by the Legislature, and the section in the replacement volume must be read in the light of the section as contained in the original volume. There was no failure of compliance because individual notices were not mailed to each township supervisor.

■ Next, the defendant Aanerud argues that the county commissioners did not comply with Section 57–28–12, N.D.C. C. This section provides that if the governing body of any taxing district is dissatisfied with the determination of the minimum sale price set by the board of county commissioners, at the hearing required under Section 57–28–11, N.D.C.C., it may appeal within ten days to the district court. The time set for the hearing by the board of county commissioners was 10 a. m. on November 17, 1970, and the time set for the commencement of the public sale was 11 a. m. on the same day, which was the statutory date for holding the annual sale (Section 57–28–13, N.D.C.C.). It is true that ten days did not expire between the hearing and the sale. However, it appears that no one appeared at the hearing to object to the minimum sale price set by the board of county commissioners.

Although we do not condone the setting of the hearing within one hour of the opening of the public sale by the county commissioners, nevertheless, the fact that there were no appearances or objections shown to have been made supports an assumption that, at the time of the hearing, the township boards had no complaints or objections to be presented. Had objections been made, we must assume that the county commissioners would have removed the lands from the sale list to allow for a possible appeal from their decision. Furthermore, it does not appear that an appeal was taken or attempted to be taken. The fixing of a minimum sale price is not for the benefit of the former owner. Horab v. Williams County, *supra*. Under the cir-

cumstances, we hold that the statute was substantially complied with.

In support of his motion for a new trial on the ground of newly discovered evidence, Aanerud filed three affidavits of township supervisors, two from one township and one from the other township in which the land lies. In their affidavits these affiants aver that they did not personally receive written notice of the hearing from the county auditor; that if they had personally received such written notice they would have appeared at the hearing and objected to the minimum sale price set by the county commissioners and, further, if the county commissioners had not adjusted the minimum sale price upward they would have sought appeal by their respective township boards to the district court. These affidavits are premised on the mistaken concept of the law that the county auditor was required to give written notice to each township supervisor and that written notice to the clerk of their respective townships was not in compliance with the statute.

■ The record before us does not show what action the county auditor took with respect to mailing the notices. It is silent in this respect. However, in view of the fact that no evidence on this question was presented at the trial, we must presume that the county auditor performed his official duty regularly (Section 31–11–03(15), N.D.C.C.), and that presumption, being uncontradicted, leads us to the conclusion that the county auditor mailed the required notice to the clerks of the respective townships in conformity with the requirements of the statute. The mailing served as the required notice to be given to the respective townships and, therefore, the affidavits lose their efficacy as the proffered testimony would not be admissible at a new trial and would not constitute grounds for a new trial on the basis of newly discovered evidence.

Lastly, Aanerud contends that the county commissioners should have presented the matter of the appraisal and minimum sale

price before the entire township board at a meeting of the township board, as required by Section 58–06–10, N.D.C.C. This section provides:

"All persons having business to transact with the board of township supervisors shall appear before the board at any regular meeting, or file such business with the township clerk to be laid before the board by him at its next meeting."

Of course, under the uncontradicted rebuttable presumption (Section 31–11–03(15), N.D.C.C.), notice of the hearing must be held to have been mailed by the county auditor to the township clerks. Therefore this statute was complied with.

It thus appears that there has been strict compliance with the statutes on this sale with one possible exception and, in that respect, in view of the fact that there were no appearances or objections made of the minimum sale price at the hearing set by the board of county commissioners, we find there was substantial compliance.

For these reasons, the judgment and the order denying the motion for new trial are affirmed.

ERICKSTAD, C. J., and VOGEL, KNUDSON and PAULSON, JJ., concur.